IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MUHAMMAD JALAL-DEEN AKBAR, §
 §
 Petitioner, §
 §
VS. § Civil Action No. 4:18-CV-139-Y
 §
ERIC D. WILSON, Warden, §
FMC-Fort Worth, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Muhammad Jalal-Deen Akbar, against Eric D. Wilson, warden of the Federal Bureau of Prisons' Fort Worth, Texas facility, ("Respondent"). After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of exhaustion.

I. DISCUSSION

Petitioner is serving a 50-year sentence for his 1982 conviction in the United States District Court for the Central Division of California for hijacking an aircraft by use of force. (Resp't's App. 1-2, doc. 12-1.) In this petition, Petitioner challenges a 2016 disciplinary proceeding conducted at FCI-Terminal Island in California involving incident report No. 2869045 for alleged assault and refusing a direct order, Code 224 and 307 violations. (Id. at 19.) Petitioner was provided a copy of the

report on July 4, 2016, the same day of the incident. (Id.) On July 7, he was advised in writing both that a disciplinary hearing would be scheduled and of his rights during the disciplinary proceeding. (Id. at 26, 30.) On July 11 or 12, he was advised in writing that the hearing would be delayed pending a psychological diagnosis to determine his competency to proceed with the hearing process. (Id. at 22.) Petitioner was found to be competent to proceed, and, on July 12, he was advised again in writing both that a hearing would be held and of his rights during the disciplinary proceeding. (Id. at 24, 31.) On August 9, a disciplinary hearing was held and the disciplinary hearing officer (DHO) found Petitioner committed the prohibited acts of threatening another with bodily harm and being insolent toward staff, Code 203 and 312 violations. (Id. at 35.) The DHO sanctioned Petitioner by disallowing 27 days of good-conduct time and imposing 30 days of disciplinary segregation and 60 days of commissary restrictions. (Id. at 33, 35.) Although the DHO's report indicates a disallowance of 27 days of good-conduct time as a sanction, prison records and the declaration of Briana Harris, a case manager at FMC-Fort Worth, reveal that no statutory good time was taken from Petitioner as a result of incident report No. 2869045. (Id. at 3, 38.)

Petitioner contends that the disciplinary hearing contained "structural errors that violate his due process and affect his liberty interest" because the Bureau of Prisons (BOP) "has been

2

'jumping' Chapter 3 section 541.6 [regarding mentally ill inmates] from Program Statement 5270.09 [entitled "Inmate Disciple Program"], in order to indiscriminately impose penalties to [Petitioner]," even though "'jumping' Chapter 3 section 541.6, is contrary to [BOP's] own policy." (Pet. 5, doc. 1.) Respondent, on the other hand, asserts, among other things, that the petition should be dismissed based on Petitioner's failure to exhaust the prison's administrative remedies. (Resp't's Resp. 6-7, doc. 11.)

The administrative-remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.18. Under this procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the regional director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. §§ 542.13, 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). The declaration of Briana Harris avers that Petitioner has not

exhausted his administrative remedies as to the claim raised in this petition. (Id. at 3-4.) Nor has Petitioner alleged or presented evidence through exhibits that he has exhausted the administrative-remedy process. Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks and citation omitted). Such showing not having been made by Petitioner, he cannot now proceed in this Court in habeas corpus.

Even if Petitioner had exhausted his administrative remedies, he fails to state a claim for relief. Federal habeas relief can be had only where the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *See Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000). With regard to disciplinary segregation and temporary commissary restrictions, no protected due-process liberty interest is implicated. *See Sandin v. Conner,* 515 U.S. 472, 486 (1995). And, to the extent Petitioner has a protected due-process liberty interest in the loss of previously earned good time, he has not shown that he was deprived of good-time credits as a result of the disciplinary proceeding in question. *See Wolff v. McDonnell,* 418

4

U.S. 539, 564-65 (1974). Therefore, Petitioner was not deprived of a liberty interest and has not stated a cognizable § 2241 claim.

For the reasons discussed, the Court DISMISSES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of exhaustion of his administrative remedies.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of Petitioner's

constitutional claim and/or its procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED October 18, 2018.

                                                       TERRY R. MEANS
                                                       UNITED STATES DISTRICT JUDGE